UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TABLEMAX IP HOLDINGS, INC, a Nevada corporation; TABLEMAX GAMING, INC., a Nevada corporation; and VEGAS AMUSEMENT, INC., a South Carolina corporation,<br><br>         Plaintiff(s),<br><br>vs.<br><br>SHUFFLE MASTER, INC., a Minnesota corporation,<br><br>         Defendant(s). | Case No. 2:09-cv-1519-RLH-PAL<br><br>**O R D E R**<br>(Emergency Motion to Deny or Extend–#40)<br>(Motion for Preliminary Injunction–#6)<br>(Motion for Hearing on #6–#32)<br>(Motion for Partial Summary Judgment–#33)<br>(Motion to Strike–#34)<br>(Motion for Summary Judgment–#37)<br>(Motion for Summary Judgment–#39) |

The Court is pummeled by a plethora of motions, the object of which appears to be an attempt to flood the Court and opposing counsel with enough paper to overwhelm one or the other, justify fee billings, and avoid an orderly resolution of this matter. The Court is neither impressed nor persuaded, and will summarily deny all the motions except to the extent that the latest motion asks for time to complete discovery and conduct a Markman hearing.

The motions filed are, in chronological order, as follows:

1. Plaintiff's **Motion for Preliminary Injunction** (#6, filed August 19, 2009, the date of its First Amended Complaint), the response and reply to which have been extended by stipulation.

2. Plaintiff's **Motion for Hearing** (#32, filed October 7, 2009) on Plaintiff's Motion for Preliminary Injunction.

1

3. Defendant's **Motion for Partial Summary Judgment** (#33, filed October 9, 2009) on lack of standing of Tablemax Entities.

4. Defendant's **Motion to Strike** (#34, filed October 12, 2009) Plaintiff's Reply for its Motion for Preliminary Injunction.

5. Defendant's **Motion for Summary Judgment** (#37, filed October 16, 2009) of invalidity.

6. Defendant's **Motion for Summary Judgment** (#39, filed October 21, 2009) of invalidity under 35 U.S.C. § 112.

7. Plaintiff's **Emergency Motion to Deny Shuffle Master's Motions for Summary Judgment, or, in the alternative, for Continuance to Oppose the Motions** (#40, filed October 23, 2009).

This is a complex case with many issues. The Court declines the invitation to try the case piecemeal with the clash of titan affidavits and declarations, or to be caught up the legal maneuvering designed to keep the opposition off guard.

Plaintiff bears a difficulty burden of proof in obtaining a preliminary injunction in a patent case, particularly since *Altana Pharma AG vl Teva Pharmaceuticals USA, Inc.,* 566 F.3d 999 (Fed. Cir. 2009). Its stipulation to extensions of time to respond and reply, together with its protestations about the need for discovery and a Markman hearing, in its most recent motion, bear witness of the inability, at this early stage, to adequately meet the elements necessary for a preliminary injunction.

Likewise, Defendant's multiple motions for summary judgment, divided as they are to address separate issues, not only unnecessarily multiply these proceedings, but are premature. Fed. R. Civ. P. 56(f) was specifically designed to avoid an early ambush before adequate opportunity to investigate and develop discovery had been provided. This is particularly true here where there are multiple factual issues that must be resolved. The Court will not, at this stage of the proceedings, try to decide which single factual question is not at issue.

1         The parties have, or should have, initiated a reasonable discovery schedule, which may include a Markman hearing, so the parties and the Court can make reasonable and just determinations of the issue presented. The parties are advised to put their efforts and time into the appropriate and orderly identification and pursuit of the claims and defenses which a patent case deserves and requires, and avoid expensive and unnecessary sorties which only delay or multiply these proceedings.

        IT IS THEREFORE ORDERED that Plaintiff's **Motion for Preliminary Injunction** (#6) is DENIED.

        IT IS FURTHER ORDERED that Plaintiff's **Motion for Hearing** (#32) is DENIED as moot.

        IT IS FURTHER ORDERED that Defendant's **Motion for Partial Summary Judgment** (#33) is DENIED as premature and to permit further discovery.

        IT IS FURTHER ORDERED that Defendant's **Motion to Strike** (#34) is DENIED as moot.

        IT IS FURTHER ORDERED that Defendant's **Motion for Summary Judgment** (#37) is DENIED as premature and to permit further discovery.

        IT IS FURTHER ORDERED that Defendant's **Motion for Summary Judgment** (#39) is DENIED as premature and to permit further discovery.

        IT IS FURTHER ORDERED that Plaintiff's **Emergency Motion to Deny Shuffle Master's Motions for Summary Judgment, or, in the alternative, for Continuance to Oppose the Motions** (#40) is DENIED, except to the extent the Court denies Defendant's various motions for summary judgment as stated above, to permit further discovery.

Dated: October 26, 2009.

_____
**Roger L. Hunt**
**Chief United States District Judge**