# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TABLEMAX IP HOLDINGS, INC., *et al.*, )<br>    Plaintiff(s),   )<br>             )<br>vs.          )<br>             )<br>SHUFFLEMASTER, INC.,     )<br>             )<br>    Defendant(s).  )<br>_____) | 2:09-cv-1519-RLH-PAL<br><br>**O R D E R**<br>(Motion to Stay–#79) |

Before the Court is Defendant's **Motion to Stay Pending Reexamination** (#79, filed September 29, 2010). Plaintiffs filed their Opposition (#82) on October 18, 2010, and Defendant's Reply (#85) was filed November 1, 2010. The Court has examined the moving papers and will grant the motion to stay.

The basis for the Motion to Stay is that Defendant has requested, and the U.S. Patent and Trademark Office (USPTO) has granted a request for reexamination of the validity of the patents Plaintiffs allege Defendant has violated. Moreover, the Court has scheduled a Markman Hearing for December 15, 2010, just a month away.

The stay of judicial proceedings pending reexamination is within the discretion of the district court. *See, e.g., Patlex Corp. V. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985). "Patent validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and time[-consuming] litigation." *Canady v. Erbe Electromedizin GmbH*, F. Supp. 2d 74, 78 (D.D.C. 2002). "Congress

instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO. " *Id.* "The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation." *Patlex Corp. V. Mossinghoff*, 758 F.2d at 606. Accordingly, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

In this case a stay would neither unduly prejudice the Plaintiffs nor place them in a clear tactical disadvantage. Plaintiffs argue that the reexamination takes time which would cause unnecessary delay. However, this is an *ex parte* application by Defendant, which means that the Defendant is not permitted to have any further input. The deadlines are all in the control of the Plaintiffs. They are not required to take the maximum time to file the necessary documents or appeals. Any undue delay in the reexamination will not be caused by Defendants. If Plaintiffs' patents are upheld, there will be no need to appeal–and Defendant may not appeal.

The reexamination is likely to simplify the issues in question and the trial of the case. Plaintiffs argue that even if the patents are upheld, Defendant can still question their validity in this litigation. That is true, but ignores the facts that if the patents, or any part of them, fail, it will significantly affect the claims, and presentation of evidence by the Plaintiffs. In fact, it appears that Plaintiffs have abandoned some claims and waived the right to be heard on the merits. Thus, it appears likely there will be changes, if not simplification, of the issues presently before the Court.

Finally, the discovery appears to be far from complete. The discovery period is not over. Discovery of experts and a number of depositions proposed have yet to be taken. The Markman Hearing has yet to take place and no trial date has been set. It is likely that trial in this matter is many months away. This Court does not wish to expend time and energy studying issues that it may never have to address. The parties should not have to pursue discovery that may not be relevant.

////

IT IS THEREFORE ORDERED that Defendant's **Motion to Stay Pending Reexamination** (#79) is GRANTED.

IT IS FURTHER ORDERED that the Markman Hearing, scheduled for December 15, 2010, is cancelled until further order of the Court.

IT IS FURTHER ORDERED that the parties shall file a status report 90 days from the date of this Order and further status reports every 90 days thereafter.

Dated: November 15, 2010.

_____
Roger L. Hunt
Chief United States District Judge

3